IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| WILMINGTON SAVINGS FUND SOCIETY, FSB, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE OF CSMC 2020-RPL2 TRUST<br><br>Plaintiff,<br><br>v.<br><br>SONJA RENEE KING-JOHNSON, DAVID HAROLD JOHNSON, III, DESIREE L. RENEE JOHNSON,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br><br>Civil Action No. 3:23-cv-237 |

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW, Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as Owner Trustee of CSMC 2020-RPL2 Trust ("Wilmington" or "Plaintiff") and files this its *Original Complaint* against Sonja Renee King-Johnson, David Harold Johnson, III, Desiree L. Renee Johnson ("Defendants"), and would respectfully show the Court as follows:

### I. PARTIES, JURISDICTION AND VENUE

1. Wilmington is the trustee of a trust. When determining the citizenship of the real parties in interest for purposes of diversity jurisdiction, it is the citizenship of the trustee which controls. *Navarro Sav. Assoc. v. Lee*, 446 U.S. 458, 464-66 (1980); *Manufacturers and Traders Trust Co. v. HSBC Bank USA, N.A.*, 564 F. Supp.2d 261, 263 (S.D.N.Y. 2008). Therefore, as trustee, Wilmington's citizenship determines whether there is diversity between the parties. Wilmington is a federal savings bank chartered under the laws of the United States. Wilmington's home office is in Delaware, and Wilmington is therefore a citizen of Delaware for purposes of diversity jurisdiction. *See* 12 U.S.C.S. § 1464(x).

2. Decedent David Harold Johnson, Jr. ("Decedent") was an obligor under the Loan Agreement. Decedent died on July 26, 2020. Upon information and belief, no probate was opened for his estate in the county where the subject property is located or the county where he died. Accordingly, there is no executor or administrator to be made a party in this proceeding as the personal representative of Decedent's estate.

3. Defendant Sonja Renee King-Johnson is a co-borrower under the subject loan agreement and the spouse of Decedent, at the time of his death. She may be served with process at 16133 Prairie Meadow, Forney, Texas 75126, or at such other place that she may be found. Summons is requested.

4. Defendant David Harold Johnson III is an heir and son of Decedent. He may be served with process at 16133 Prairie Meadow, Forney, Texas 75126, or at such other that he may be found. Summons is requested.

5. Defendant Desiree L. Renee Johnson is an heir and daughter of Decedent. She may be served with process at 16133 Prairie Meadow, Forney, Texas 75126, or at such other that she may be found. Summons is requested.

6. This Court has jurisdiction over this dispute under 28 U.S.C. § 1332 because there is complete diversity between Plaintiff and Defendants, and the amount in controversy exceeds $75,000.00. Due to Defendants' conduct, as alleged herein, Plaintiff has the right to foreclose upon real property which secures a debt pursuant to a security instrument. In an action for declaratory or injunctive relief, the amount in controversy for jurisdictional purposes is measured by the "value of the right to be protected or the extent of the injury to be prevented." *Leininger v. Leininger,* 705 F.2d 727, 729 (5th Cir. 1983). If unable to foreclose on the Property, Plaintiff stands to lose the value of the Property, plus any associated interest. Therefore, the value of the

Property determines the amount in controversy. *See e.g., McDonald v. Deutsche Bank Nat. Trust Co.*, 3:11-CV-2691-B, 2011 U.S. Dist. LEXIS 146040, 2011 WL 6396628 (N.D. Tex. Dec. 20, 2011) (holding that declaratory requests in foreclosure "call[] into question the right to the property in its entirety and the amount in controversy is equal to the value of the property"). According to the Kaufman County Central Appraisal District Website, the Property involved in this matter is valued at $390,186.00, according to the 2022 appraisal. Therefore, the amount in controversy is in excess of $75,000.00.

7.   Venue is proper in this district and division, the United States District Court for the Northern District of Texas, Dallas Division, under 28 U.S.C. § 1391(b)(2) because the real property that is the subject of this action is situated in Kaufman County, Texas which is part of this district and division.

## II. SUMMARY OF FACTS

8.   On or about July 29, 2006, Decedent and Defendant Sonja Renee King-Johnson ("Borrowers") executed that certain *Note* (the "Note") in the original principal amount of $133,376.00 originally payable to Long Beach Mortgage Company and bearing interest at the rate of 7.150% per annum. A true and correct copy of the Note is attached hereto as **Exhibit A.**

9.   Concurrently with the Note, the Borrowers executed that certain *Deed of Trust* (the "Security Instrument" and together with the Note, the "Loan Agreement"), as grantor, granting Long Beach Mortgage Company, its successors and assigns, a security interest in certain real property and improvements located in Kaufman County, Texas commonly known as 16133 Prairie Meadow Lane, Forney, Texas 75126, and more particularly described as:

> BEING LOT 50 OF HIGHLAND PRAIRIE, PHASE III, AN ADDITION TO KAUFMAN COUNTY, TEXAS, ACCORDING TO THE PLAT THEREOF RECORDED IN CABINET 2, ENVELOPE 467, PLAT RECORDS, KAUFMAN COUNTY, TEXAS.

(the "Property"). The Security Instrument was recorded in the Real Property Records for Kaufman County, Texas, under Document No. 000166635. A true and correct copy of the Security Instrument is attached hereto at **Exhibit B.**

10. Subsequently, the Federal Deposit Insurance Corporation, as Receiver of Washington Mutual Bank, Successor in Interest to Long Beach Mortgage Company transferred and assigned the Loan Agreement to JP Morgan Chase Bank, National Association ("JP") as evidenced by that certain *Corporate Assignment of Deed of Trust* recorded in the Real Property Records of Kaufman County, Texas under Document No. 2013-0006398. A true and correct copy of this assignment is attached hereto as **Exhibit C.**

11. JP then assigned and transferred the Loan Agreement to U.S. Bank Trust, N.A. LSF9 Master Participation Trust ("U.S. Bank") as evidenced by that certain *Texas Assignment of Deed of Trust* recorded in the Real Property Records of Kaufman County, Texas under Document No. 2015-0000295. A true and correct copy of this assignment is attached hereto as **Exhibit D**.

12. U.S. Bank then assigned and transferred the Loan Agreement to DLJ Mortgage Capital, Inc. ("DLJ") as evidenced by that certain *Assignment of Deed of Trust* recorded in the Real Property Records of Kaufman County, Texas under Document No. 2021-0009084. A true and correct copy of this assignment is attached hereto as **Exhibit E.**

13. DLJ then assigned and transferred the Loan Agreement to Wilmington as evidenced by that certain *Corporate Assignment of Deed of Trust* recorded in the Real Property Records of Kaufman County, Texas under Document No. 2022-0034242. A true and correct copy of this assignment is attached hereto as **Exhibit F.**

14. Plaintiff is the current legal owner and holder of the Note endorsed in blank and the mortgagee as that term is defined in section 51.0001(4) of the Texas Property Code.

15. Under the terms of the Loan Agreement, the Borrowers are required to pay when due the principal and interest on the debt evidenced by the Note, as well as any applicable charges and fees due under the Note.

16. The Loan Agreement further provides that should the Borrowers fail to make payments on the Note as they became due and payable or fail to comply with any or all the covenants and conditions of the Security Instrument, that the lender may enforce the Security Instrument by selling the Property according to law and in accordance with the provisions set out in the Loan Agreement.

17. Decedent passed away on or about July 26, 2020. No probate was ever opened for his estate. In accordance with Texas Estates Code §§ 101.001(b) and 101.051, his heirs acquired all of his interest in the Property immediately upon his death—subject to the Loan Agreement debt owed to Plaintiff.

18. Though some, if not all, of the heirs have had the use, benefit, and enjoyment of the Property, they have failed or refused to pay make payments on the Note and have failed to comply with any and all the covenants and conditions of the Security Instrument.

19. The Loan Agreement is in default as of March 1, 2022. A *Notice of Default* ("Notice of Default") was served in accordance with the Loan Agreement and the Texas Property Code on March 22, 2022. A true and correct copy of the Notice of Default is attached hereto as **Exhibit G.**

20. The default was not cured. A *Notice of Acceleration of Loan Maturity* ("Notice of Acceleration") was served in accordance to the Loan Agreement and the Texas Property Code on

July 20, 2022. A true and correct copy of the Notice of Acceleration is attached hereto as **Exhibit H**.

21. In accordance with Federal Rule of Civil Procedure 9(c), all conditions precedent have been performed or have occurred for Plaintiff to enforce its security interest against the Property. Plaintiff brings this suit for declaratory judgment and foreclosure so it may enforce its security interest in the Property.

### III.     CAUSE OF ACTION – STATUORTY PROBATE LIEN

22. The foregoing paragraphs are incorporated by reference for all purposes.

23. Plaintiff seeks a declaration from this Court that Plaintiff has a statutory probate lien against the Property under the terms of the Loan Agreement and the following statutory authority:

   a. TEX. ESTATES CODE §§ 101.001(b) and 101.051(b)(1), which state in pertinent part:

   *". . . the estate of a person who dies intestate vests immediately in the person's heirs at law, subject to the payment of, and is still liable for: the debts of the decedent, except as exempted by law. . ."*

   b. TEXAS TITLE EXAMINATION STANDARDS § 11.10, which states in pertinent part:

   *"A decedent's Property passes to his or her heirs at law or devisees immediately upon death, subject in each instance, except for exempt Property, to payment of debts, including estate and inheritance taxes;"* and

   c. TEXAS TITLE EXAMINATION STANDARDS § 11.60, which states in pertinent part:

   *"A decedent's Property passes to his or her heirs at law or devisees immediately upon death, subject in each instance, except for exempt Property, to payment of debts, including estate and inheritance*

*taxes . . . Property of a decedent passes subject to unpaid debts and taxes of the estate."*

24. Through Plaintiff's statutory probate lien, reserved in Texas Estates Code §§ 101.001 and 101.151, Plaintiff has an enforceable and superior lien against the heirs' interests in the Property. Because of a material breach of the Loan Agreement, Plaintiff seeks to enforce its statutory probate lien in the Property through foreclosure.

### IV. CAUSE OF ACTION – DECLARATORY JUDGMENT

25. The foregoing paragraphs are incorporated by reference for all purposes.

26. Plaintiff requests a declaration from this Court that it is the owner and holder of the Note and beneficiary of the Security Instrument. Plaintiff requests a further declaration from this Court that, as owner and holder of the Note and beneficiary of the Security Instrument, Plaintiff is a mortgagee as that term is defined under Texas Property Code section 51.0001(4) and is authorized to enforce the power of sale in the Security Instrument through foreclosure of the Property.

27. Plaintiff has been forced to hire the undersigned attorneys to seek a declaratory judgment as a result of the Borrowers' and heirs' failure to comply with the Loan Agreement. Plaintiff is therefore entitled to and seeks judgment for its reasonable attorney's fees in this action, both through trial and in the event of a subsequent appeal, as provided by the Security Instrument signed by Borrowers.

### V. CAUSE OF ACTION – NON-JUDICIAL FORECLOSURE

28. The foregoing paragraphs are incorporated by reference for all purposes.

29. Plaintiff asserts a cause of action for judicial foreclosure against Defendants. Plaintiff has fully performed its obligations under the Loan Agreement. To the extent that Defendants wanted to retain their interest in the Property, the needed to make the payments

under the Loan Agreement and they have failed to do so.

30.     The Security Instrument permits Plaintiff to foreclose on the Property should there be an event of default on the Note. Accordingly, Plaintiff seeks judgment in its favor and an order allowing non-judicial foreclosure in accordance with the Security Instrument and Texas Property Code section 51.002, or alternatively, a judgment for judicial foreclosure.

31.     Plaintiff has been forced to hire the undersigned attorneys to pursue this claim; Plaintiff is therefore entitled to and seeks judgment against Defendants for its reasonable attorney's fees in this action, both through trial and in the event of a subsequent appeal, as provided by the Loan Agreement. Plaintiff seeks an award of attorney's fees as a further obligation on the Note and not as a money judgment against Defendants, personally.

32.     All conditions precedent have been performed or have occurred.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that upon final hearing, that Defendants be cited to appear and answer, and the Court enter judgment granting:

a.  a declaration from this Court that, as owner and holder of the Note and beneficiary of the Security Instrument, Plaintiff is a mortgagee as that term is defined under Texas Property Code section 51.0001(4), and is authorized to enforce the power of sale in the Security Instrument through foreclosure of the Property;

c.  a declaration that due to a breach of the Loan Agreement, Plaintiff's lien against the Property shall be enforced by a foreclosure or public auction; or alternatively, a judgment for judicial foreclosure; and that through the foreclosure or auction the Defendants are divested and Plaintiff is vested with all of the right, title, and interest to the Property;

d.  attorneys' fees and costs of suit, not as a personal judgment against the Defendants, but only as an additional debt secured by the Security Instrument; and

e.  all other relief, in law and in equity, to which Plaintiff is entitled.

       Respectfully submitted,

By:  */s/ Mark D. Cronenwett*
     **MARK D. CRONENWETT**
     Texas Bar No. 00787303
     mcronenwett@mwzmlaw.com

     **VIVIAN N. LOPEZ**
     Texas Bar No. 24129029
     vlopez@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, P.C.**
14160 N. Dallas Parkway, Suite 900
Dallas, Texas 75254
214-635-2650 (Phone)
214-635-2686 (Fax)

**ATTORNEYS FOR PLAINTIFF**