IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WILMINGTON SAVINGS FUND SOCIETY, FSB, not in its individual capacity but solely as owner trustee of CSMC 2020 RPL2 Trust, | § § § § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:23-cv-237-BN |
| | § | |
| SONJA RENEE KING-JOHNSON, DAVID HAROLD JOHNSON, III, DESIREE L. RENEE JOHNSON, | § § § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as Owner Trustee for CSMC 2020 RPL2 Trust ("WSFS") has filed a Motion for Final Summary Judgment. *See* Dkt. No. 35.

Defendants Sonja Renee King-Johnson, David Harold Johnson, III, and Desiree L. Renee Johnson ("the Johnsons") did not file a response.

For the reasons outlined below, the Court denies without prejudice WSFS's Motion for Final Summary Judgment [Dkt. No. 35].

### Background

This case concerns the loan servicing and attempted foreclosure of the defendants' property at 16133 Prairie Meadow Lane, Forney, Texas 75216 (the "Property"). David Harold Johnson, Jr. and Sonja Renee King (a.k.a. King-Johnson) ("the borrowers") executed a note payable to the Long Beach Mortgage Company on

July 29, 2005. *See* Dkt. No. 36 at 4. (WSFS refers to the date that the Johnsons signed the note as July 29, 2006 in its motion for final summary judgment, *see* Dkt. No. 36 at 4, and the amended complaint, *see* Dkt. No. 22 at 5. But the attached note and declaration state that the date of signing is July 29, 2005. *See* Dkt. No. 38 at 13, 3.)

The original principal of the note was $133,376.00 with an interest rate of 7.15% per annum. *See* Dkt. No. 36 at 4. The borrowers signed the deed of trust on July 29, 2005. *See* Dkt. No. 38 at 24. The deed of trust gave Long Beach Mortgage Company a security interest in the property.

Federal Deposit Insurance Corporation, as Receiver of Washington Mutual Bank, Successor in Interest to Long Beach Mortgage Company assigned and transferred the Deed of Trust to JP Morgan Chase Bank, National Association, ("JP Morgan") in 2013. *See id.* at 26. JP Morgan assigned the Deed of Trust to U.S. Bank Trust, N.A., as Trustee for LSF0 Master Participation Trust in 2014. *See id.* at 30-31. U.S. Bank Trust, N.A., assigned the Deed of Trust to DLJ Mortgage Capital, Inc. in 2020. *See id.* at 34. DLJ Mortgage Capital, Inc. assigned the Deed of Trust to Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as owner Trustee of CSMC 2020-RPL2 Trust in 2022. *See id.* at 38. Select Portfolio Servicing Inc. ("Select Portfolio") is the servicer of the loan for WFS. *See id.* at 7.

The loan agreement required the borrowers to "pay when due principal and interest on the debt evidenced by the Note." Dkt. No. 36 at 5. WSFS alleges the borrowers defaulted on the loan on March 1, 2022, and all payments from March 1, 2022 onward are currently due. *See id.* at 6.

WSFS sent a notice of default on March 22, 2022, informing David Harold Johnson, Jr., decedent, and Sonja King-Johnson that the loan was in default and would be accelerated if not cured. *See* Dkt. No. 38 at 65-68. Counsel for WSFS sent a notice of acceleration to the borrowers on July 20, 2022. *See id.* at 75-78.

WSFS filed this suit in federal court against borrower Sonja King-Johnson and David Harold Johnson, III and Desiree L. Renee Johnson, heirs to decedent David Harold Johnson, Jr., who passed away on July 25, 2020. *See* Dkt. No. 36 at 6. WSFS seeks to ensure foreclosure on the Property. *See* Dkt. No. 1. Defendants filed an answer to WSFS's complaint. *See* Dkt. No. 14.

WSFS later filed this motion for summary judgment, asking the Court to allow it to proceed with foreclosure and enter a judgment allowing WSFS to collect the outstanding balance of the note, prejudgment interest, post-judgment interest, and costs of court. *See* Dkt. No. 36 at 14.

## Legal Standards

Under Federal Rule of Civil Procedure 56, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A factual "issue is material if its resolution could affect the outcome of the action." *Weeks Marine, Inc. v. Fireman's Fund Ins. Co.*, 340 F.3d 233, 235 (5th Cir. 2003). "A factual dispute is 'genuine,' if the evidence is such that a reasonable [trier of fact] could return a verdict for the nonmoving party." *Crowe v. Henry*, 115 F.3d 294, 296 (5th Cir. 1997).

If the moving party seeks summary judgment as to his opponent's claims or defenses, "[t]he moving party bears the initial burden of identifying those portions of

the pleadings and discovery in the record that it believes demonstrate the absence of a genuine issue of material fact, but is not required to negate elements of the nonmoving party's case." *Lynch Props., Inc. v. Potomac Ins. Co.*, 140 F.3d 622, 625 (5th Cir. 1998). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." FED. R. CIV. P. 56(c)(1). "Summary judgment must be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which it will bear the burden of proof at trial. If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014) (internal quotation marks and footnote omitted).

"Once the moving party meets this burden, the nonmoving party must set forth" – and submit evidence of – "specific facts showing a genuine issue for trial and not rest upon the allegations or denials contained in its pleadings." *Lynch Props.*, 140 F.3d at 625; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *accord Pioneer Expl.*, 767 F.3d at 511 ("[T]he nonmovant cannot rely on the allegations in the pleadings alone" but rather "must go beyond the pleadings and

designate specific facts showing that there is a genuine issue for trial." (internal quotation marks and footnotes omitted)).

The Court is required to consider all evidence and view all facts and draw all reasonable inferences in the light most favorable to the nonmoving party and resolve all disputed factual controversies in favor of the nonmoving party – but only if the summary judgment evidence shows that an actual controversy exists. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Pioneer Expl.*, 767 F.3d at 511; *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005); *Lynch Props.*, 140 F.3d at 625. "The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in [her] favor. While the court must disregard evidence favorable to the moving party that the jury is not required to believe, it gives credence to evidence supporting the moving party that is uncontradicted and unimpeached if that evidence comes from disinterested witnesses." *Porter v. Houma Terrebonne Hous. Auth. Bd. of Comm'rs*, 810 F.3d 940, 942-43 (5th Cir. 2015) (internal quotation marks and footnotes omitted). And "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment," *Brown v. City of Houston*, 337 F.3d 539, 541 (5th Cir. 2003), and neither will "only a scintilla of evidence" meet the nonmovant's burden, *Little*, 37 F.3d at 1075; *accord Pioneer Expl.*, 767 F.3d at 511 ("Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." (internal quotation marks and footnote omitted)). "[W]hen the moving party

has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (internal quotation marks omitted).

Rather, the non-moving party must "set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998). "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it; or (4) issue any other appropriate order." FED. R. CIV. P. 56(e).

And "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Pioneer Expl.*, 767 F.3d at 511 (internal quotation marks and footnote omitted). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Scott*, 550 U.S. at 380 (internal quotation marks and emphasis omitted). And, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Id.*

"After the nonmovant has been given an opportunity to raise a genuine factual issue, if no reasonable juror could find for the nonmovant, summary judgment will be granted." *DIRECTV, Inc. v. Minor*, 420 F.3d 546, 549 (5th Cir. 2005) (footnote and internal quotation marks omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Scott*, 550 U.S. at 380 (internal quotation marks omitted).

The Court will not assume "in the absence of any proof ... that the nonmoving party could or would prove the necessary facts" and will grant summary judgment "in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." *Little*, 37 F.3d at 1075. "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment," and "[a] failure on the part of the nonmoving party to offer proof concerning an essential element of its case necessarily renders all other facts immaterial and mandates a finding that no genuine issue of fact exists." *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006) (internal quotation marks omitted).

If, on the other hand, "the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure all of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). The "beyond peradventure" standard imposes a "heavy" burden. *Cont'l Cas. Co. v. St. Paul Fire & Marine Ins. Co.*, No. 3:04-cv-1866-D, 2007 WL

2403656, at *10 (N.D. Tex. Aug. 23, 2007). The moving party must demonstrate that there are no genuine and material fact disputes and that the party is entitled to summary judgment as a matter of law. *See, e.g., Martin v. Alamo Cmty. Coll. Dist.*, 353 F.3d 409, 412 (5th Cir. 2003). On such a motion, the Court will, again, "draw all reasonable inferences in favor of the non-moving party." *Chaplin v. NationsCredit Corp.*, 307 F.3d 368, 372 (5th Cir. 2002).

## Analysis

I.   <u>The Court cannot grant the motion based on the lack of response alone.</u>

When a non-moving party files a response to a motion for summary judgment and fails to include an argument about a claim, defense, or theory that the motion seeks to have the Court dismiss with prejudice, the Court may determine that the nonmoving party has abandoned the unaddressed claim, defense, or theory. *See Harris v. City of Schertz*, 27 F.4th 1120, 1123 (5th Cir. 2022); *Vela v. City of Houston*, 276 F.3d 659, 678-79 (5th Cir. 2001); *Hargrave v. Fibreboard Corp.*, 710 F.2d 1154, 1163-64 (5th Cir. 1983); *accord Maynard v. PayPal, Inc.*, No. 3:18-cv-259-D, 2019 WL 3552432, at *3 (N.D. Tex. Aug. 5, 2019) ("A party may abandon its claim when it fails to pursue the claim beyond the complaint. *See, e.g., Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006); *Vela v. City of Houston*, 276 F.3d 659, 678-79 (5th Cir. 2001); *Hargrave v. Fibreboard Corp.*, 710 F.2d 1154, 1163-64 (5th Cir. 1983).").

In the published decisions in this line of Fifth Circuit cases supporting a district court's authority for finding claims or theories abandoned, the nonmoving party filed a response to the motion for summary judgment. *See Harris*, 27 F.4th at 1122-23; *Vela*, 276 F.3d at 678-79; *Scales v. Slater*, 181 F.3d 703, 708 n.5 (5th Cir.

1999); *Vaughner v. Pulito*, 804 F.2d 873, 878 n.2 (5th Cir. 1986); *Batterton v. Tex. Gen. Land Off.*, 783 F.2d 1220, 1224-25 (5th Cir. 1986); *Hargrave*, 710 F.2d at 1163-64.

But, when a nonmoving party does not file any response to a motion for summary judgment, the "failure to respond does not permit the court to enter a 'default' summary judgment." *Boyd v. Fam. Dollar Stores of Texas, LLC*, No. 3:22-cv-1368-D, 2023 WL 4141052, at *1 (N.D. Tex. June 22, 2023).

As the United States Court of Appeals for the Fifth Circuit has explained,

> [a] motion for summary judgment cannot be granted simply because there is no opposition, even if failure to oppose violated a local rule. *John v. La. (Bd. of Trustees for State Colleges & Universities)*, 757 F.2d 698, 709 (5th Cir.1985). The movant has the burden of establishing the absence of a genuine issue of material fact and, unless he has done so, the court may not grant the motion, regardless of whether any response was filed. *Id.* at 708. Therefore, if the district judge's decision was to grant summary judgment solely because of a default, such decision constituted reversible error.

*Hibernia Nat. Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985); *accord Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 & n.3 (5th Cir. 1995) (explaining that the district "court granted Appellee's motion for summary judgment on alternative grounds," including, "[f]irst, in accordance with the local rule, the court granted the motion as unopposed," and that "[w]e have previously disapproved of granting summary judgment on this basis" but that, "because the district court addressed the merits of the motion as an alternative holding, we need not reverse").

The rationale underlying these two lines of authority appears to be that the

nonmovant must – at least by affirmatively filing a response – take some action to be considered to have abandoned a claim, theory, or defense. And, by dismissing claims under Federal Rule of Civil Procedure 56 based on only a nonmovant's lack of action at all (that is, not filing a response), a district court would be improperly dismissing with prejudice without the findings or factual support required under either Rule 56 or Federal Rule of Civil Procedure 41(b) for such a dismissal. *See Hibernia*, 776 F.2d at 1279; *John*, 757 F.2d at 707-10.

And, even if these two lines of authority cannot be reconciled with this bright-line distinction, "[t]he rule in this circuit is that where two previous holdings or lines of precedent conflict the earlier opinion controls and is the binding precedent in this circuit (absent an intervening holding to the contrary by the Supreme Court or this court en banc)." *Rios v. City of Del Rio, Tex.*, 444 F.3d 417, 425 n.8 (5th Cir. 2006); *accord United States v. Sanchez-Pena*, 336 F.3d 431, 444 n.62 (5th Cir. 2003) ("When faced with conflicting panel opinions, the earlier controls our decision." (cleaned up)). This suggests that the published decisions cited and relied on in *John*, 757 F.2d at 707-10, which appear to predate any decisions setting forth the abandonment doctrine, would – at least where a nonmovant has not filed any response to a motion for summary judgment – control.

Under these governing authorities, the Court cannot grant Plaintiff's Motion for Final Summary Judgment [Dkt. No. 35] solely because the Johnsons failed to file a response in opposition to the motion.

But, under Rule 56 and the governing law,

"[a] summary judgment nonmovant who does not respond to the motion is relegated to her unsworn pleadings, which do not constitute summary judgment evidence," *Bookman v. Shubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996) (Fitzwater, J.) (citing *Solo Serve Corp. v. Westowne Assocs.*, 929 F.2d 160, 165 (5th Cir. 1991)). Moreover,

> [i]f a party fails ... to properly address another party's assertion of fact as required by Rule 56(c), the court may ... (2) consider the fact undisputed for purposes of the motion [and] (3) grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is – entitled to it[.]

FED. R. CIV. P. 56(e)(2), (3).

*Boyd,* 2023 WL 4141052, at *1.

Here, the pleadings are not verified, and so the Johnsons have presented no summary judgment evidence. And "a court may grant an unopposed summary judgment motion if the undisputed facts show that the movant is entitled to judgment as a matter of law." *Bryan v. Cano*, No. 22-50035, 2022 WL 16756388, at *4 (5th Cir. Nov. 8, 2022) (cleaned up); *accord Bustos v. Martini Club Inc.*, 599 F.3d 458, 468-69 (5th Cir. 2010) (although "a district court may not grant a motion for summary judgment merely because it is unopposed," "[t]he defendants submitted competent summary judgment evidence showing that there were no genuine issues of fact for trial," and the plaintiff "did not respond to the motion for summary judgment in the district court and therefore failed to carry his burden of showing that material factual issues existed" and so "cannot now assert that the district court's reliance on defendants' uncontested evidence was improper" (cleaned up)); *Williams v. Sake Hibachi Sushi & Bar, Inc.,* No. 3:18-cv-517-D, 2020 WL 3317096, at *6 (N.D. Tex. June 18, 2020) ("As stated above, although the court is not permitted to enter a 'default' summary judgment, the court is allowed to accept the evidence adduced by

plaintiffs as undisputed and may grant summary judgment if the motion and supporting materials show plaintiffs are entitled to it.").

II. <u>WSFS is not entitled to summary judgment on the foreclosure claim.</u>

WSFS asserts a cause of action of "non-judicial foreclosure." Dkt. No. 22 at 9. While some courts have found that this is not a viable claim, "a majority of courts … appear to cut in favor of reading a breach of contract claim into a judicial foreclosure claim, where only the latter is pleaded." *Ocwen Loan Servicing, LLC v. Kingman Holdings, LLC*, No. 3:18-cv-1197-S, 2019 WL 3802167, at *5 (N.D. Tex. May 31, 2019). While WSFS does not plead a breach of contract claim in the complaint, it does mention that the note is a contract and addresses a breach of contract claim in its Motion for Final Summary Judgment in the section on attorney's fees. *See* Dkt. No. 36 at 8, 13.

And, so, the Court will treat the request for non-judicial foreclosure as containing a breach of contract claim.

The promissory note is a "written contract between the signatories." Dkt. No. 36 at 8; *see also Express Working Cap., LLC v. One World Cuisine Grp., LLC*, No. 3:15-cv-3792-S, 2018 WL 4214349, at *4 (N.D. Tex. Aug. 16, 2018). Under Texas law, to succeed on a breach of contract claim, the plaintiff must show "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *See Smith Intern., Inc. v. Egle Group, LLC*, 490 F.3d 380, 387 (5th Cir. 2007).

The inconsistencies in the record currently present a genuine issue of material fact on the breach of contract claim. While WSFS seeks to show the defendants breached the contract under the Note executed in 2005, a "new loan or charge to the loan principal" was executed on February 10, 2020, which increased the principal to $186,709.82 from $133,376.00. *See* Dkt. No. 36 at 9; Dkt. No. 38 at 71. WSFS also submits a document titled "loan purchase info" showing a loan purchased on February 1, 2020 with a principal of $186,679.82. *See* Dkt. No. 38 at 62.

The payment history demonstrates this inconsistency. The payment history submitted by Select Portfolio only concerns the loan with a principal of $186,679.82 and an interest rate of 2.5%. *See generally* Dkt. No. 38 at 39-62. WSFS further calculates the estimated amount owed under the new loan and new interest rate in the payoff statement, but WSFS then requests a judgment incorporating the original interest rate of 7.15% in its motion for final summary judgment. *See* Dkt. No. 36 at 14; Dkt. No. 38 at 80, 57.

WSFS does not attach any documentation of a signed loan modification or equivalent that would explain the inconsistency between principals and demonstrate the agreement borrowers allegedly defaulted under. The Texas Supreme Court has held that, "as long as the original note is not satisfied and replaced, and there is no additional extension of credit, as we define it, the restructuring is valid and need not meet the constitutional requirements for a new loan." *Sims v. Carrington Mortg. Servs.*, L.L.C., 440 S.W.3d 10, 11-12 (Tex. 2014). But the Court cannot determine whether the increased principal resulted from a loan modification or other form of

agreement based on the record. Without documentation, the Court cannot determine if any other material terms of the Note changed when the principal changed and adequately assess any potential damages without evidence of the modification agreement. *See Can Cap. Asset Servicing, Inc. v. Vinson Constr. LLC*, No. 5:20-CV-256-DAE, 2021 WL 2722818, at *4 (W.D. Tex. Mar. 15, 2021) (denying without prejudice to refiling plaintiff's motion for summary judgement when the record demonstrated inconsistencies, including different loan principals, that precluded the Court from addressing a material fact).

And, even assuming a loan modification, "both Texas state and federal courts have concluded that, generally, both the original loan and any alleged agreement to modify the original loan are governed by section 26.02 and must be in writing." *Montalvo v. Bank of Am. Corp.*, 864 F. Supp. 2d 567, 582 (W.D. Tex. 2012) (citing TEX. BUS. COM. CODE § 26.02 which states "[a] loan agreement in which the amount involved in the loan agreement exceeds $50,000 in value is not enforceable unless the agreement is in writing and signed by the party to be bound or by that party's authorized representative.") Without evidence of a written agreement, the Court cannot enforce or award damages pursuant to a loan modification.

WSFS also claims that the loan entered default on March 1, 2022, and other documentation indicates that the last payment date was March 1, 2022. *See* Dkt. No. 38 at 47, Dkt. No. 36 at 9. But Select Portfolio also shows a payment on April 29, 2022 in the Johnsons' transaction history. *See* Dkt. No. 38 at 69. This inconsistency prevents the Court from adequately determining default and any potential damages.

Due to the above inconsistencies, the Court cannot grant summary judgment on the judicial non-foreclosure claim at this time. WSFS also seeks a declaratory judgment stating defendants have an interest in the property and a finding that WSFS is the proper party to proceed with foreclosure. *See* Dkt. No. 36 at 11-13. As these claims both rely on the Note, the Court will address WSFS's additional claims should WSFS refile.

## Conclusion

The Court DENIES without prejudice WSFS's Motion for Final Summary Judgment [Dkt. No. 35]. If WSFS wishes to refile a summary judgment motion with additional documentation, it must do so by **January 22, 2024**. If WSFS refiles, the Court will issue a new briefing order to allow Defendants the opportunity to respond. And the Court will not reset any vacated deadlines or trial-related settings until after this deadline for WSFS to refile.

SO ORDERED.

DATED: December 29, 2023

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE