IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| WILMINGTON SAVINGS FUND SOCIETY, FSB, not in its individual capacity but solely as owner trustee of CSMC 2020 RPL2 Trust,<br><br>  Plaintiff,<br><br>V.<br><br>SONJA RENEE KING-JOHNSON, DAVID HAROLD JOHNSON, III, DESIREE L. RENEE JOHNSON,<br><br>  Defendants. | §§§§§§§§§§§§§§§ No. 3:23-cv-237-BN |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff Wilmington Savings Fund Society, FSB, not in its Individual capacity but solely as Owner Trustee for CSMC 2020 RPL2 Trust ("WSFS") has filed a Motion for Final Summary Judgment. *See* Dkt. No. 45.

Defendants Sonja Renee King-Johnson, David Harold Johnson, III, and Desiree L. Renee Johnson ("the Johnsons") did not file a response.

For the reasons outlined below, the Court grants WSFS's Motion for Final Summary Judgment [Dkt. No. 45].

### **Background**

This case concerns the loan servicing and attempted foreclosure of the defendants' property at 16133 Prairie Meadow Lane, Forney, Texas 75216 (the "Property"). David Harold Johnson, Jr. and Sonja Renee King-Johnson ("the borrowers") executed a note payable to the Long Beach Mortgage Company on July

-1-

29, 2005. *See* Dkt. No. 47-1 at 14. The original principal of the note was $133,376.00 with an interest rate of 7.510% per annum. *See id.* The borrowers signed the deed of trust July 29, 2005. *See* Dkt. No. 47-1 at 25. The deed of trust gave Long Beach Mortgage Company a security interest in the property. *See id.*

Federal Deposit Insurance Corporation, as Receiver of Washington Mutual Bank, Successor in Interest to Long Beach Mortgage Company assigned and transferred the Deed of Trust to JP Morgan Chase Bank, National Association, ("JP Morgan") in 2013. *See id.* at 28. JP Morgan then assigned the Deed of Trust to U.S. Bank Trust, N.A., as Trustee for LSF0 Master Participation Trust in 2014. *See id.* at 30-31. U.S. Bank Trust assigned the Deed of Trust to DLJ Mortgage Capital, Inc. in 2020. *See id.* at 36-37. DLJ Mortgage Capital, Inc. assigned the Deed of Trust to Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as owner Trustee of CSMC 2020-RPL2 Trust in 2022. *See id.* at 40. Select Portfolio Servicing Inc. ("Select Portfolio") is the servicer of the loan for WFS. *See id.* at 2.

The loan agreement required the borrowers to "pay when due principal and interest on the debt evidence by the Note…." *See* Dkt. No. 46 at 10. WSFS alleges the borrowers defaulted on the loan on March 1, 2022, by not making payments, and all payments from March 1, 2022, onward are currently due. *See id.* at 11.

Select Portfolio Servicing, Inc., sent a notice of default on March 22, 2022, informing David Harold Johnson, Jr. and Sonja King-Johnson that the loan was in default and would be accelerated if not cured. *See* Dkt. No. 47-1 at 64-66. Counsel for WSFS sent a notice of acceleration to the borrowers on July 20, 2022. *See id.* at 108.

On February 1, 2023, WSFS filed this suit in federal court to ensure foreclosure on the Property. *See* Dkt. No. 1. Defendants filed an answer on March 13, 2023. *See* Dkt. No. 14. On November 9, 2023, WSFS filed a motion for summary judgment, asking the Court to allow it to proceed with foreclosure and enter a judgment allowing WSFS to collect the outstanding balance of the note, prejudgment interest, post-judgment interest, and costs of court. *See* Dkt. No. 36 at 14. The Court denied the motion without prejudice. *See* Dkt. No. 42.

WSFS then filed this Motion for Final Summary Judgment with additional information. *See* Dkt. No. 45. Defendants did not file a response.

**Legal Standards**

Under Federal Rule of Civil Procedure 56, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A factual "issue is material if its resolution could affect the outcome of the action." *Weeks Marine, Inc. v. Fireman's Fund Ins. Co.*, 340 F.3d 233, 235 (5th Cir. 2003). "A factual dispute is 'genuine,' if the evidence is such that a reasonable [trier of fact] could return a verdict for the nonmoving party." *Crowe v. Henry*, 115 F.3d 294, 296 (5th Cir. 1997).

If the moving party seeks summary judgment as to his opponent's claims or defenses, "[t]he moving party bears the initial burden of identifying those portions of the pleadings and discovery in the record that it believes demonstrate the absence of a genuine issue of material fact, but is not required to negate elements of the nonmoving party's case." *Lynch Props., Inc. v. Potomac Ins. Co.*, 140 F.3d 622, 625 (5th Cir. 1998). "A party asserting that a fact cannot be or is genuinely disputed must

support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." FED. R. CIV. P. 56(c)(1). "Summary judgment must be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which it will bear the burden of proof at trial. If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014) (internal quotation marks and footnote omitted).

"Once the moving party meets this burden, the nonmoving party must set forth" – and submit evidence of – "specific facts showing a genuine issue for trial and not rest upon the allegations or denials contained in its pleadings." *Lynch Props.*, 140 F.3d at 625; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *accord Pioneer Expl.*, 767 F.3d at 511 ("[T]he nonmovant cannot rely on the allegations in the pleadings alone" but rather "must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." (internal quotation marks and footnotes omitted)).

The Court is required to consider all evidence and view all facts and draw all reasonable inferences in the light most favorable to the nonmoving party and resolve

all disputed factual controversies in favor of the nonmoving party – but only if the summary judgment evidence shows that an actual controversy exists. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Pioneer Expl.*, 767 F.3d at 511; *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005); *Lynch Props.*, 140 F.3d at 625. "The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in [her] favor. While the court must disregard evidence favorable to the moving party that the jury is not required to believe, it gives credence to evidence supporting the moving party that is uncontradicted and unimpeached if that evidence comes from disinterested witnesses." *Porter v. Houma Terrebonne Hous. Auth. Bd. of Comm'rs*, 810 F.3d 940, 942-43 (5th Cir. 2015) (internal quotation marks and footnotes omitted). And "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment," *Brown v. City of Houston*, 337 F.3d 539, 541 (5th Cir. 2003), and neither will "only a scintilla of evidence" meet the nonmovant's burden, *Little*, 37 F.3d at 1075; *accord Pioneer Expl.*, 767 F.3d at 511 ("Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." (internal quotation marks and footnote omitted)). "[W]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (internal quotation marks omitted).

Rather, the non-moving party must "set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998). "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it; or (4) issue any other appropriate order." FED. R. CIV. P. 56(e).

And "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Pioneer Expl.*, 767 F.3d at 511 (internal quotation marks and footnote omitted). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Scott*, 550 U.S. at 380 (internal quotation marks and emphasis omitted). And, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Id.*

"After the nonmovant has been given an opportunity to raise a genuine factual issue, if no reasonable juror could find for the nonmovant, summary judgment will be granted." *DIRECTV, Inc. v. Minor*, 420 F.3d 546, 549 (5th Cir. 2005) (footnote and

internal quotation marks omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Scott*, 550 U.S. at 380 (internal quotation marks omitted).

The Court will not assume "in the absence of any proof ... that the nonmoving party could or would prove the necessary facts" and will grant summary judgment "in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." *Little*, 37 F.3d at 1075. "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment," and "[a] failure on the part of the nonmoving party to offer proof concerning an essential element of its case necessarily renders all other facts immaterial and mandates a finding that no genuine issue of fact exists." *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006) (internal quotation marks omitted).

If, on the other hand, "the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure all of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). The "beyond peradventure" standard imposes a "heavy" burden. *Cont'l Cas. Co. v. St. Paul Fire & Marine Ins. Co.*, No. 3:04-cv-1866-D, 2007 WL 2403656, at *10 (N.D. Tex. Aug. 23, 2007). The moving party must demonstrate that there are no genuine and material fact disputes and that the party is entitled to summary judgment as a matter of law. *See, e.g., Martin v. Alamo Cmty. Coll. Dist.*,

353 F.3d 409, 412 (5th Cir. 2003). On such a motion, the Court will, again, "draw all reasonable inferences in favor of the non-moving party." *Chaplin v. NationsCredit Corp.*, 307 F.3d 368, 372 (5th Cir. 2002).

## Analysis

I. <u>Effect of Failing to File a Response to a Motion for Summary Judgment</u>

When a non-moving party files a response to a motion for summary judgment and fails to include an argument about a claim, defense, or theory that the motion seeks to have the Court dismiss with prejudice, the Court may determine that the nonmoving party has abandoned the unaddressed claim, defense, or theory. *See Harris v. City of Schertz*, 27 F.4th 1120, 1123 (5th Cir. 2022); *Vela v. City of Houston*, 276 F.3d 659, 678-79 (5th Cir. 2001); *Hargrave v. Fibreboard Corp.*, 710 F.2d 1154, 1163-64 (5th Cir. 1983); *accord Maynard v. PayPal, Inc.*, No. 3:18-cv-259-D, 2019 WL 3552432, at *3 (N.D. Tex. Aug. 5, 2019) ("A party may abandon its claim when it fails to pursue the claim beyond the complaint. *See, e.g.*, *Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006); *Vela v. City of Houston*, 276 F.3d 659, 678-79 (5th Cir. 2001); *Hargrave v. Fibreboard Corp.*, 710 F.2d 1154, 1163-64 (5th Cir. 1983).").

In the published decisions in this line of Fifth Circuit cases supporting a district court's authority for finding claims or theories abandoned, the nonmoving party filed a response to the motion for summary judgment. *See Harris*, 27 F.4th at 1122-23; *Vela*, 276 F.3d at 678-79; *Scales v. Slater*, 181 F.3d 703, 708 n.5 (5th Cir. 1999); *Vaughner v. Pulito*, 804 F.2d 873, 878 n.2 (5th Cir. 1986); *Batterton v. Tex. Gen. Land Off.*, 783 F.2d 1220, 1224-25 (5th Cir. 1986); *Hargrave*, 710 F.2d at 1163-64.

But, when a nonmoving party does not file any response to a motion for summary judgment, the "failure to respond does not permit the court to enter a 'default' summary judgment." *Boyd v. Fam. Dollar Stores of Texas, LLC*, No. 3:22-cv-1368-D, 2023 WL 4141052, at *1 (N.D. Tex. June 22, 2023).

As the United States Court of Appeals for the Fifth Circuit has explained,

> [a] motion for summary judgment cannot be granted simply because there is no opposition, even if failure to oppose violated a local rule. *John v. La. (Bd. of Trustees for State Colleges & Universities)*, 757 F.2d 698, 709 (5th Cir.1985). The movant has the burden of establishing the absence of a genuine issue of material fact and, unless he has done so, the court may not grant the motion, regardless of whether any response was filed. *Id.* at 708. Therefore, if the district judge's decision was to grant summary judgment solely because of a default, such decision constituted reversible error.

*Hibernia Nat. Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985); *accord Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 & n.3 (5th Cir. 1995) (explaining that the district "court granted Appellee's motion for summary judgment on alternative grounds," including, "[f]irst, in accordance with the local rule, the court granted the motion as unopposed," and that "[w]e have previously disapproved of granting summary judgment on this basis" but that, "because the district court addressed the merits of the motion as an alternative holding, we need not reverse").

The rationale underlying these two lines of authority appears to be that the nonmovant must – at least by affirmatively filing a response – take some action to be considered to have abandoned a claim, theory, or defense. And, by dismissing claims under Federal Rule of Civil Procedure 56 based on only a nonmovant's lack of action

-9-

at all (that is, not filing a response), a district court would be improperly dismissing with prejudice without the findings or factual support required under either Rule 56 or Federal Rule of Civil Procedure 41(b) for such a dismissal. *See Hibernia*, 776 F.2d at 1279; *John*, 757 F.2d at 707-10.

And, even if these two lines of authority cannot be reconciled with this bright-line distinction, "[t]he rule in this circuit is that where two previous holdings or lines of precedent conflict the earlier opinion controls and is the binding precedent in this circuit (absent an intervening holding to the contrary by the Supreme Court or this court en banc)." *Rios v. City of Del Rio, Tex.*, 444 F.3d 417, 425 n.8 (5th Cir. 2006); *accord United States v. Sanchez-Pena*, 336 F.3d 431, 444 n.62 (5th Cir. 2003) ("When faced with conflicting panel opinions, the earlier controls our decision." (cleaned up)). This suggests that the published decisions cited and relied on in *John*, 757 F.2d at 707-10, which appear to predate any decisions setting forth the abandonment doctrine, would – at least where a nonmovant has not filed any response to a motion for summary judgment – control.

Under these governing authorities, the Court cannot grant Plaintiff's Motion for Summary Judgment [Dkt. No. 45] solely because the Defendants failed to file a response in opposition to the motion.

But, under Rule 56 and the governing law,

> "[a] summary judgment nonmovant who does not respond to the motion is relegated to her unsworn pleadings, which do not constitute summary judgment evidence," *Bookman v. Shubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996) (Fitzwater, J.) (citing *Solo Serve Corp. v. Westowne Assocs.*, 929 F.2d 160, 165 (5th Cir. 1991)). Moreover,
>> [i]f a party fails ... to properly address another party's

> assertion of fact as required by Rule 56(c), the court may ... (2) consider the fact undisputed for purposes of the motion [and] (3) grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is – entitled to it[.]
>
> FED. R. CIV. P. 56(e)(2), (3).

*Boyd,* 2023 WL 4141052, at *1.

Here, the pleadings are not verified, and so the Defendants have presented no summary judgment evidence. And "a court may grant an unopposed summary judgment motion if the undisputed facts show that the movant is entitled to judgment as a matter of law." *Bryan v. Cano*, No. 22-50035, 2022 WL 16756388, at *4 (5th Cir. Nov. 8, 2022) (cleaned up); *accord Bustos v. Martini Club Inc.*, 599 F.3d 458, 468-69 (5th Cir. 2010) (although "a district court may not grant a motion for summary judgment merely because it is unopposed," "[t]he defendants submitted competent summary judgment evidence showing that there were no genuine issues of fact for trial," and the plaintiff "did not respond to the motion for summary judgment in the district court and therefore failed to carry his burden of showing that material factual issues existed" and so "cannot now assert that the district court's reliance on defendants' uncontested evidence was improper" (cleaned up)); *Williams v. Sake Hibachi Sushi & Bar, Inc.*, No. 3:18-cv-517-D, 2020 WL 3317096, at *6 (N.D. Tex. June 18, 2020) ("As stated above, although the court is not permitted to enter a 'default' summary judgment, the court is allowed to accept the evidence adduced by plaintiffs as undisputed and may grant summary judgment if the motion and supporting materials show plaintiffs are entitled to it.").

II. <u>WSFS is entitled to summary judgment on the foreclosure claim.</u>

WSFS asserts a cause of action of "non-judicial foreclosure." Dkt. No. 22 at 9. While some courts have found that this is not a viable claim, "a majority of courts … appear to cut in favor of reading a breach of contract claim into a judicial foreclosure claim, where only the latter is pleaded." *Ocwen Loan Servicing, LLC v. Kingman Holdings, LLC*, No. 3:18-cv-1197-S, 2019 WL 3802167, at *5 (N.D. Tex. May 31, 2019). While WSFS does not plead a breach of contract claim in the complaint, it does mention that the note is a contract and addresses a breach of contract claim in its Motion for Final Summary Judgment in the section on attorney's fees. *See* Dkt. No. 46 at 14, 21.

And, so, the Court will treat the request for non-judicial foreclosure as containing a breach of contract claim.

A. WSFS meets elements required for non-judicial foreclosure.

"In Texas, to foreclose under a security instrument with a power of sale, the lender is required to show that: (1) a debt exists; (2) the debt is secured by a lien created under Texas law; (3) the borrower is in default under the note and security instrument; and (4) the borrower has been properly served with notice of default and acceleration." Dkt. No. 46 at 13; *see Singleton v. U. S. Bank Nat'l Ass'n*, No. 4:15-cv-100-A, 2016 WL 1611378, at *7 (N.D. Tex. Apr. 20, 2016) (citation omitted).

WSFS has shown a debt exists. Under the terms of the original loan agreement, the borrowers were required to make payments each month. *See* Dkt. No. 47-1 at 14. The parties entered into a loan modification agreement "dated December 8, 2008, effective December 1, 2008, which operated to modify the principal balance and

interest rate." *See id.* at 43. The parties entered into another loan modification agreement on March 1, 2019, which again modified the principal balance and interest rate. *See id.* at Ex. A-8.

The borrowers executed the Texas Deed of Trust ("Security Instrument"), granting Long Beach Mortgage Company a lien on the Property to secure the debt. *See id.* at 21.

There is a default on the loan. WSFS provides documents showing that payment is due for March 1, 2022. *See id.* at 74, 79. In the Notice of Default, Defendants explained that Defendants needed to make a payment of $4,799.38 by April 24, 2022, to cure the default. *See id.* at 64. Defendants made a final payment April 29, 2022, of $1,383.19, but this did not cure the default. *See id.* at 69.

WSFS also provides a payoff statement good through January 28, 2024, that states 233,398.64 is due, showing there is a default. *See id.* at 110.

The summary judgment evidence shows that WSFS gave the borrowers the requisite notice.

WSFS provided the borrowers with a Notice of Default dated March 22, 2022, which stated there was a default, the amount to cure the default, and that if the borrowers did not cure the default by the cure date, the "Noteholder will accelerate all payments owing on your Note" which may result in Defendants losing their home. *See id.* at 65.

"Under Texas law, a lender may not foreclose on a debt without providing both a notice of intent to accelerate and a notice of acceleration." *Colbert v. Wells Fargo*

*Bank, N.A.*, 850 F. App'x 870, 875 (5th Cir. 2021) (citing *Ogden v. Gibraltar Sav. Ass'n*, 640 S.W.2d 232, 234 (Tex. 1982)). And,

> [t]o meet the fourth element pertaining to acceleration, Plaintiff must show it provided Defendant with clear and unequivocal notice of intent to accelerate and notice of acceleration. *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 566 (Tex. 2001); see *Huston*, 988 F. Supp. 2d at 741. "Unless a lender provides both forms of notice, it may not foreclose." *Wilmington Tr., Nat'l Ass'n v. Rob*, 891 F.3d 174, 177 (5th Cir. 2018).

*Deutsche Bank Nat'l Tr. Co. v. Anthony*, No. 4:19-CV-688, 2021 WL 8016157, at *3 (S.D. Tex. Feb. 22, 2021).

The Notice of Default qualifies as a Notice of Intent to Accelerate, since it states clearly and unequivocally the "Noteholder will accelerate all payments owing on your Note" if the default is not cured. Dkt. No. 47-1 at 65.

On July 20, 2022, counsel for WSFS notified the borrowers that the maturity of the debt was now accelerated. *See id.* at 108.

And so, WSFS has met the elements for judicial foreclosure.

B. WSFS has met the elements for a breach of contract claim.

Under Texas law, to succeed on a breach of contract claim, the plaintiff must show "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *See Smith Intern., Inc. v. Egle Group, LLC*, 490 F.3d 380, 387 (5th Cir. 2007). The note is a "written contract between the signatories." Dkt. No. 46 at 14; *see also Express Working Cap., LLC v. One World Cuisine Grp., LLC*, No. 3:15-cv-3792-S, 2018 WL 4214349, at *4 (N.D. Tex. Aug. 16, 2018).

There is no dispute that the Loan Agreement is a valid contract nor that WFSF fulfilled its requirements under its terms and the Texas Property Code. *See* Dkt. No. 46 at 14. WFSF, "through its predecessor, performed under the terms of the Note by lending the reference 133,376.00." *See id.*

The Deed of Trust stated that if the borrowers did not "pay the full amount of each monthly payment on the date it is due, [they] will be in default." *See* Dkt. No. 47-1 at 16. As discussed previously, the Defendants did not pay their monthly payments, resulting in default. *See id.* at 110.

WSFS has adequately shown quantifiable damages by including the payment history of the borrowers and showing the balance owed on the loan. *See* Dkt. No. 47-1 at Ex. A10-12; *U.S. Bank Nat'l Ass'n as Tr. for Citigroup Mortg. Loan Tr., Inc. 2006-NC2, Asset Backed Pass Through Certificates Series 2006-NC2 v. Borunda*, No. EP-15-cv-109-PRM, 2016 WL 11578522, at *4 (W.D. Tex. Apr. 18, 2016) (finding the plaintiff had not shown damages with a reasonable degree of certainty necessary for breach of contract when they did not include any records of the defendants' payment history or records showing there was a specific and certain balance owing on the loan). WSFS shows that as of January 28, 2024, Defendants owed $233,498.64. *See* Dkt. No. 47-1 at 110.

And, so, the Defendants breached the contract.

C. WSFS is entitled to a declaration that WSFS has a statutory probate lien against the Property.

WSFS claims, and the defendants do not dispute, that borrower David Harold Johnson, Jr. passed away on July 26, 2020, leaving his wife Sonja Renee King-

Johnson as co-borrower and children Desiree L. Renee Johnson and David Harold Johnson III as heirs. *See* Dkt. No. 46 at 12; Dkt. No. 14 at 1-2. "No probate was opened for administration of Decedent's estate." Dkt. No. 46 at 12. WSFS claims it has a statutory probate lien under Texas Estates Code sections 101.001 and 101.051, which provide that "'all of the person's estate that is devised by the will vests immediately in the devisees,' and 'the estate of a person who dies intestate vests immediately in the person's heirs at law'" subject to Section 101.051. Dkt. No. 46 at 20; TEX. ESTATES CODE §§ 101.001(a)(1), (b).

Under Section 101.051(b), "[a] decedent's estate vests in accordance with Section 101.001(b) subject to the payment of, and is still liable for: (1) the debts of the decedent, except as exempted by law[.]" TEX. ESTATES CODE §§ 101.051(b)(1).

WSFS seeks to foreclose its lien and asserts that all the Property, encumbered by the debt, vested in Defendants as "no probate was ever opened for [David Johnson's] estate." Dkt. No. 22 at 7; *see* Dkt. No. 46 at 18-19.

"The remedy of one holding an unpaid claim against the estate is to enforce a statutory lien against the property in the hands of the heirs, devisees, or legatees who receive estate property." *Ocwen Loan Servicing, LLC v. Deane*, No. 4:15-CV-00682-O-BP, 2017 WL 6816499, at *3 (N.D. Tex. Dec. 1, 2017) (cleaned up).

As discussed in previous sections, WSFS has shown that there was a debt, secured by the lien, on the Property. *See* Dkt. No. 46 at 16. And WSFS has alleged that defendants are Johnson's heirs. And so, the Court will grant WSFS's request for a declaration of its statutory probate lien.

III. **WSFS is entitled to proceed with foreclosure as the proper party to enforce the remedies afforded to the Lender.**

WSFS is the proper party to enforce the remedies afforded to the Lender under the terms of the Loan Agreement.

> Under the Texas Property Code, a party has standing to initiate a nonjudicial foreclosure sale if the party is a mortgagee. *See* TEX. PROP. CODE §§ 51.002, 51.0025. A mortgagee includes the grantee, beneficiary, owner, or holder of a security instrument, such as a deed of trust, or "if the security interest has been assigned of record, the last person to whom the security interest has been assigned of record." *Id.* § 51.0001(4), (6).
> Even if a party does not have a recorded interest in a security instrument, the party may still have standing to foreclose if the party is the holder or owner of a note secured by the instrument. This rule derives from the common law maxim, now codified in Texas, that "the mortgage follows the note." *See* TEX. BUS. & COM. CODE § 9.203(g) ("The attachment of a security *539 interest in a right to payment or performance secured by a security interest or other lien on personal or real property is also attachment of a security interest in the security interest, mortgage, or other lien."); *Campbell v. Mortg. Elec. Registration Sys., Inc.*, No. 03–11–00429–CV, 2012 WL 1839357, at *4 (Tex. App. – Austin May 18, 2012, pet. denied) (mem.op.).

*EverBank, N.A. v. Seedergy Ventures, Inc.*, 499 S.W.3d 534, 538 (Tex. App. – Houston [14th Dist.] 2016, no pet.); TEX. PROP. CODE §§ 51.002, 51.0025.

WSFS qualifies as a "mortgagee" under Chapter 51 of the Texas Property Code. *See* TEX. PROP. CODE § 51.0025; *see* Dkt. No. 46 at 19. WSFS was the last assigned entity of record of the Deed of Trust. *See* Dkt. No. 47-1 at 40. And so, WSFS can properly bring this claim.

IV. **WSFS is entitled to reasonable attorneys' fees.**

The Court grants WSFS its reasonable attorneys' fees in accordance with the Note, the Deed of Trust, and Section 38.001 of the Texas Civil Practice and Remedies Code.

"Under Texas law, a party is permitted to recover attorney's fees only if they are authorized by contract or by statute." *Bank One, Texas, N.A. v. Taylor*, 970 F.2d 16, 35 (5th Cir. 1992). Section 38.001 permits reasonable attorneys' fees if the claim is for an oral or written contract. *See* TEX. CIV. PRAC. & REM. CODE § 38.001(8). The Deed of Trust states that "Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in paragraph 21 [acceleration, sale of the property], including, but not limited to, reasonable attorneys' fees of 15% of the sums due under the Note described above or the amount allowable under applicable sate law and costs of title evidence." Dkt. No. 46 at 24.

WSFS has not provided any documentation to support its request for attorneys' fees, so the Court cannot determine what amount of fees would be reasonable. The Court orders Wells Fargo to file a separate application for attorneys' fees, no later than 14 days after entry of a judgment in this case, that establishes the amount of the reasonable and necessary attorneys' fees and costs that it has incurred, with supporting evidence, based on an acceptable method for calculating attorneys' fees under the Deed of Trust and the Note at issue in this case.

Because there are no material issues of fact and WSFS has shown beyond peradventure that every essential element of their claim is met, the Court will grant WSFS's Motion for Final Summary Judgment.

## Conclusion

The Court GRANTS Plaintiff's Motion for Final Summary Judgment [Dkt. No. 45] and orders WSFS to proceed with foreclosure. The Court will award WSFS its attorneys' fees to be determined by subsequent motion practice as an additional

obligation on the Note only.

    SO ORDERED.

    DATED: August 30, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE