IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WILMINGTON SAVINGS FUND SOCIETY, FSB, not in its individual capacity but solely as owner trustee of CSMC 2020 RPL2 Trust,<br><br>Plaintiff,<br><br>V.<br><br>SONJA RENEE KING-JOHNSON, DAVID HAROLD JOHNSON, III, DESIREE L. RENEE JOHNSON,<br><br>Defendants. | §§§§§§§§§§§§§§ | No. 3:23-cv-237-BN |

## MEMORANDUM OPINION AND ORDER

Plaintiff Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as Owner Trustee of CSMC 2020-RPL2 Trust ("WSFS") has filed a Motion for Attorney's Fees against Defendants Sonja Renee King-Johnson, David Harold Johnson, III, and Desiree L. Renee Johnson ("the Johnsons"). *See* Dkt. No. 59.

For the reasons explained below, the Court grants WSFS's Motion for Attorneys' Fees and Costs [Dkt. No. 59].

### Background

Prior orders have documented the background of this case. *See* Dkt. No. 56. The information that follows is repeated here for reference and supplemented with information relevant to the issues now presented before the Court.

This case concerns the loan servicing and attempted foreclosure of the

defendants' property at 16133 Prairie Meadow Lane, Forney, Texas 75216 (the "Property"). David Harold Johnson, Jr. and Sonja Renee King-Johnson ("the borrowers") executed a note payable to the Long Beach Mortgage Company on July 29, 2005. *See* Dkt. No. 47-1 at 14. The original principal of the note was $133,376.00 with an interest rate of 7.510% per annum. *See id.* The borrowers signed the deed of trust July 29, 2005. *See* Dkt. No. 47-1 at 25. The deed of trust gave Long Beach Mortgage Company a security interest in the property. *See id.*

Federal Deposit Insurance Corporation, as Receiver of Washington Mutual Bank, Successor in Interest to Long Beach Mortgage Company assigned and transferred the Deed of Trust to JP Morgan Chase Bank, National Association, ("JP Morgan") in 2013. *See id.* at 28. JP Morgan then assigned the Deed of Trust to U.S. Bank Trust, N.A., as Trustee for LSF0 Master Participation Trust in 2014. *See id.* at 30-31. U.S. Bank Trust assigned the Deed of Trust to DLJ Mortgage Capital, Inc. in 2020. *See id.* at 36-37. DLJ Mortgage Capital, Inc. assigned the Deed of Trust to Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as owner Trustee of CSMC 2020-RPL2 Trust in 2022. *See id.* at 40. Select Portfolio Servicing Inc. ("Select Portfolio") is the servicer of the loan for WFS. *See id.* at 2.

The loan agreement required the borrowers to "pay when due principal and interest on the debt evidence by the Note…." *See* Dkt. No. 46 at 10. WSFS alleges that the borrowers defaulted on the loan on March 1, 2022 by not making payments and that all payments from March 1, 2022 onward are currently due. *See id.* at 11.

Select Portfolio Servicing, Inc. sent a notice of default on March 22, 2022,

informing David Harold Johnson, Jr. and Sonja King-Johnson that the loan was in default and would be accelerated if not cured. *See* Dkt. No. 47-1 at 64-66. Counsel for WSFS sent a notice of acceleration to the borrowers on July 20, 2022. *See id.* at 108.

On February 1, 2023, WSFS filed this suit in federal court to ensure foreclosure on the Property. *See* Dkt. No. 1. Defendants filed an answer on March 13, 2023. *See* Dkt. No. 14.

On November 9, 2023, WSFS filed a motion for summary judgment, asking the Court to allow it to proceed with foreclosure and enter a judgment allowing WSFS to collect the outstanding balance of the note, prejudgment interest, post judgment interest, and costs of court. *See* Dkt. No. 36 at 14. The Court denied the motion without prejudice. *See* Dkt. No. 42.

WSFS then filed Motion for Final Summary Judgment with additional information. *See* Dkt. No. 45. The Court granted WSFS's Motion for Summary Judgment, ordered WSFS to proceed with the foreclosure, and directed WSFS to file a separate application for its attorneys' fees. *See* Dkt. Nos. 56 & 57.

WSFS then filed its Motion for Attorneys' Fees and Costs. *See* Dkt. No. 59.

## Legal Standard

"Texas law is applicable to the award of attorneys' fees in diversity cases like this one." *TFHSP, LLC Series 10147 v. U.S. Bank Nat'l Ass'n*, No. 3:14-cv-2589-M-BN, 2016 WL 2856006 at *5 (N.D. Tex. Apr. 18, 2016) (citing *Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002). "Under Texas law, attorneys' fees may be recovered pursuant to mortgage contracts." *TFHSP, LLC Series 10147*, 2016

WL 2856006, at *5 (N.D. Tex. Apr. 18, 2016) (citing *Richardson v. Wells Fargo Bank, N.A.*, 740 F.3d 1035, 1040 (5th Cir. 2014) (analyzing Texas law, court determined that motions for attorneys' fees provided by mortgage contracts are permissible under Federal Rule of Civil Procedure 54(d)(2)).

"This Court uses the 'lodestar' method to calculate attorney's fees." *Heidtman v. Cty. of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999); *see also Serna v. Law Office of Joseph Onwuteaka, P.C.*, 614 F. App'x 146, 157 (5th Cir. 2015) (applying lodestar method to claims under the FDCPA). The lodestar is calculated by multiplying the number of hours that an attorney reasonably spent on the case by an appropriate hourly rate, which is the market rate in the community for this work. *See Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir. 2012).

The parties seeking reimbursement of attorneys' fees bear the burden of establishing the number of hours expended through the presentation of adequately recorded time records as evidence. *See Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). The Court should use this time as a benchmark and then exclude any time that is excessive, duplicative, unnecessary, or inadequately documented. *See id.* The hours remaining are those reasonably expended.

There is a strong presumption of the reasonableness of the lodestar amount. *See Perdue v. Kenny A.*, 559 U.S. 542, 552 (2010). "However, after calculating the lodestar, a district court may enhance or decrease the amount of attorney's fees based on the relative weights of the twelve factors set forth in [*Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714 (5th Cir. 1974)]." *Black v. SettlePou, P.C.*, 732 F.3d

492, 502 (5th Cir. 2013). Because the lodestar is presumed to be reasonable, it should be modified only in exceptional cases. *See Watkins*, 7 F.3d at 457.

## Analysis

### I.     Attorneys' Fees

WSFS seeks recovery of $8,187.50 in attorneys' fees for work performed at an hourly rate of $175.00 and $250.00 and $2,762.00 in paralegals' fees for work performed at an hourly rate of $85.00 and $95.00. *See* Dkt. No. 59 at 3-4, 6-7.

WSFS billed 46.1 hours of attorney work and 32.0 hours of paralegal work. *See id.* at 4, 7.

In support of WSFS's motion, it submits the declaration of attorney Crystal C. Gibson of Mackie Wolf Zientz & Mann, P.C., which detailed the experience of the attorneys and paralegals who worked on the case and her experience regarding attorneys' and paralegals' fees in creditor-debtor litigation work. *See* Dkt. No. 59-1 at 1-8.

WSFS provided itemized billing statements that detailed the work completed and redacted copies of invoices and receipts for costs incurred during the case. *See id.* at 9-33. The entries on the billing invoices include narratives of the work performed. *See id.*

Having reviewed the narratives recorded in billing records, the attorneys spent time reviewing evidence, drafting motions, and corresponding with the opposing party, among other things. *See* Dkt. No. 59-1 at 9-33. And the paralegals spent time requesting evidence and conducting background searches, among other

things. *See id.* at 9-33.

And, so, the Court finds that the time spent handling the various tasks in this matter as described was reasonable.

Ms. Gibson states in her declaration that she is the Director of Litigation for Mackie Wolf Zientz & Mann, P.C., which represents WSFS in this case, and that she has over 20 years of experience in performing mortgage litigation work in Texas federal and state courts. *See id.* at 1-8. And the declaration shows that the experience of the other attorneys and paralegals who worked on this case ranges from six to over 25 years. *See id.*

WSFS seeks $8,187.50 in attorneys' fees for a total of 46.1 hours of work performed by attorneys at an hourly rate of $175.00 and $250.00 and $2,762.00 in paralegals' fees for a total of 32.0 hours of work performed by paralegals at an hourly rate of $85.00 and $95.00. *See* Dkt. No. 59 at 4, 7.

Ms. Gibson provides the State Bar of Texas's 2015 Hourly Fact Sheet and 2020 Paralegal Compensation Survey to show the reasonable rates for attorneys and paralegals practicing mortgage foreclosure litigation in the Dallas-Fort Worth-Arlington area, and she adjusts the rates for inflation. *See id.* at 4-8; *see also Peterson v. Tenant Tracker, Inc.*, No. 6:20-CV-00588-JDK, 2021 WL 4956244 (E.D. Tex. Sept. 30, 2021) (finding it appropriate to consult the State Bar of Texas Hourly Fact Sheet); *Fairmont Specialty Ins. Co. v. Apodaca*, 234 F. Supp. 3d 843 (S.D. Tex. 2017) (using market rates in the community to determine reasonable hourly rates for paralegals).

Considering the experience of the Mackie Wolf Zientz & Mann, P.C. attorneys and paralegals and the local market rates, the Court finds that the requested hourly rates enumerated in Ms. Gibson's declaration are reasonable and within the market rates for attorneys and paralegals handling this type of litigation in the Dallas area. *Accord Gilman v. Shellpoint Mortg. Servicing*, No. 3:22-CV-01283-S-BT, 2024 WL 718204m at *6 (N.D. Tex. Jan. 18, 2024) (finding hourly rates of $350.00 for experienced attorneys and $105.00 for a paralegal reasonable in mortgage litigation case).

Based on the motion and the supporting documents, the Court finds the appropriate lodestar here to be calculated as the sum of 44.5 hours of work performed by attorneys at $175.00 an hour ($7,787.50) and 1.6 hours of work performed by attorneys at $250.00 an hour ($400.00), for a total of $8,187.50, and the sum of 27.8 hours of work performed by paralegals at $85.00 an hour ($2,363.00) and 4.2 hours of work performed by paralegals at $95.00 an hour ($399.00), for a total of $2,762.00.

WSFS does not seek an enhancement of the attorneys' fees, and there are no other exceptional circumstances. The Court has considered the *Johnson* factors and finds that none of them weigh in favor of modifying the lodestar.

And, so, the Court finds that the fees request in the amount of $10,949.50 is reasonable.

## II.   Costs

WSFS also seeks $402.00 in court costs, which includes its filing fee. *See* Dkt.

No. 59 at 3.

"Federal Rule of Civil Procedure 54(d)(1) allows the Court to award costs to the prevailing party in an action. Taxable court costs include: (1) fees paid to the clerk and marshal; (2) court reporter fees for all or part of the deposition transcript; (3) printing costs and witness fees; (4) fees for copies of papers necessarily obtained for use in the case; (5) certain docket fees; and (6) compensation of court-appointed experts and interpreters." *TFHSP, LLC Series 10147*, 2016 WL 2856006, at *5 (N.D. Tex. Apr. 18, 2016) (citing 28 U.S.C. § 1920).

And, so, the Court awards WSFS $402.00 for its court filing fee. *Accord TFHSP, LLC Series 10147*, 2016 WL 2856006, at *6 (awarding filing fees).

## Conclusion

The Court grants WSFS's Motion for Attorneys' Fees and Costs [Dkt. No. 59] and awards WSFS $10,949.50 in attorneys' and paralegals' fees and $402.00 in court costs, for a total of $11,351.50.

SO ORDERED.

DATED: April 9, 2025

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE